IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANDRE'A DEWBERRY | § | |
| v. | § | CIVIL ACTION NO. 6:06cv124 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Andre'a Dewberry, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

State records show that Dewberry is serving a 12-year sentence for aggravated assault and a 10-year sentence for possession of a controlled substance, both of which were handed down on January 7, 2000. His complaint revolves around the amount of pre-conviction jail time he received credit for; Dewberry says that he received 1,661 days of credit on his 12-year sentence, but only 711 days on his 10-year sentence. He states that had his time been calculated properly, he would have discharged his sentences in April of 2005.

The Magistrate Judge ordered the Respondent to answer Dewberry's petition. In this answer, the Respondent says that Dewberry's claims are barred by the statute of limitations because the factual predicate of the complaint - i.e. the pre-sentence time credit that he received for his ten-year sentence - was made known to him at the time of sentencing, and so his limitations period began to run at that time. The Respondent also argued that there is no absolute right to pre-sentence detention credit and that the only exception to this is if a person is held for a bailable offense but

1

cannot make bail due to indigency, and then receives the statutory maximum sentence, he is constitutionally entitled to credit for the time spent in jail prior to sentencing.

The Respondent then traced the chronology of Dewberry's claim, noting that Dewberry had posted bail and was released from jail in November of 1994, and thus could not meet the first part of the test, which is that he could not make bail due to indigency.

After reviewing the records and the pleadings of the parties, the Magistrate Judge issued a Report on November 2, 2006, recommending that Dewberry's petition be dismissed.  The Magistrate Judge first stated that Dewberry was made aware of the pre-sentence time credit he received at the time of his sentencing, on January of 2000.  The judgment issued at the time of sentencing said that Dewberry was receiving 701 days of time credits, which was sufficient to place him on notice that he was not receiving the time credit to which he claims entitlement, which is over twice that amount.  Thus, the Magistrate Judge said, Dewberry's claims were barred by limitations.

Next, the Magistrate Judge concluded that Dewberry's claims lacked merit even were they not barred by limitations.  Although he did receive the statutory maximum for the third-degree felony of possession of a controlled substance, he made no showing that he was unable to make bail due to indigency, but on the contrary conceded that he posted bail on November 2, 1994.

In addition, as the Magistrate Judge said, the basis of Dewberry's complaint appears to be that he received the 1,661 days of credit on the aggravated assault charge, which was filed at the same time as the possession charge, and so he should receive the same time credits on the possession charge.  However, the state court records show that Dewberry was not in custody on the possession charge between November 2, 1994, when he was released on bond, until February 6, 1998, when a hold was placed on him at TDCJ-CID.  By contrast, a detainer was placed on Dewberry for the aggravated assault charge on June 22, 1995, 960 days earlier.  In other words, between June 22, 1995, and February 6, 1998, Dewberry was in constructive custody for the assault charge but not the possession charge, and so this time is credited to his assault sentence but not his

possession sentence.[1] *See* <u>Nixon v. State</u>, 572 S.W.2d 699, 701 (Tex.Crim.App. 1978) (when confined by another jurisdiction, an individual is confined "on said cause" only if a detainer or hold is lodged against him). Because Dewberry was not in custody on the possession charge during this time, the Magistrate Judge concluded, he is not entitled to time credits against his sentence.

Dewberry filed objections to the Magistrate Judge's Report on November 20, 2006. In his objections, he says that his claim is not barred by limitations because his claim is one of "actual innocence," in that he has served 11 years and eight months on a ten-year sentence. He says that his actual innocence claim could not have been presented until his sentence actually expired, in February of 2005, so the claim is not time-barred. He says that he has not requested credit for any time spent on bond, but only that time which he spent in Smith County after being re-arrested, when he could not make bond. Furthermore, after he received the eight-year sentence in April of 1995, he could not make bond, so he is constitutionally entitled to credit on his later sentence for all of the time after this date prior to sentencing.

Dewberry argues that it was Smith County's decision not to lodge a detainer on him on the possession charge until 1998, and he should not be punished for that. He says that because he has been kept in prison beyond the length of his sentence, the Court can grant the writ even in the absence of a showing for cause for a procedural default. He argues again that the limitations period has not expired on his claim of actual innocence and that the state court's findings of fact were wrong; Dewberry adds that he was indigent after his conviction because he was sent to TDCJ, which does not pay inmates for working.

Dewberry's objections are without merit. Although he now characterizes his claim as one of "actual innocence," a review of his state habeas petition shows that he never presented such a claim to the state court, and so this argument has not been exhausted. Instead, Dewberry's state petition focuses solely on his demand for time credits on his sentence. As the Respondent correctly

---

[1] In May of 1995, Dewberry came to TDCJ-CID with an eight-year sentence from Smith County and a separate 12-year sentence from Anderson County.

observed, Dewberry received notice of the factual basis of his claim for time credits at the time of his sentencing, and so this claim is barred by limitations.

Nor has Dewberry shown that the Magistrate Judge's review of the merits of his claim was incorrect. Dewberry was not in custody on the possession charge until the detainer was placed on him in 1998, and he is simply not entitled to credit on his sentence for time when he is not in custody on the charge.

Furthermore, as the Magistrate Judge said, prisoners are constitutionally entitled to credit on their sentences when they receive the statutory maximum term and cannot make bail due to indigence. Hill v. Wainwright, 465 F.2d 414 (5th Cir. 1972). While Dewberry says that he could not make bail after April of 1995, this was not due to indigence, but rather because he was convicted of another offense. Thus, Dewberry has failed to show that he has any constitutional right to the time credits which he seeks, and his objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, the Petitioner's response thereto, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 18th day of December, 2006.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE